Hani Z. Sayed (State Bar No. 224233)
hsayed@rutan.com
Kaitlynne N. McKee (State Bar No. 366564)
kmckee@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
K&N ENGINEERING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K&N ENGINEERING, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>EVIL ENERGY; DARK HORSE AUTOMOTIVE INC.; TAIZHOU YIBAI AUTO PARTS CO., LTD.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:26-cv-06049<br><br>Judge:<br><br>**COMPLAINT FOR:**<br><br>**1) TRADE DRESS INFRINGEMENT [15 U.S.C. § 1125(a)];**<br>**2) FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];**<br>**3) FALSE ADVERTISING [15 U.S.C. § 1125(a)];**<br>**4) UNFAIR COMPETITION [CAL. BUS. AND PROF. CODE § 17200];**<br>**5) COMMON LAW TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff K&N Engineering, Inc. ("K&N") alleges as follows:

## NATURE OF THE CASE

1. This is an action involving claims of trade dress infringement, false designation of origin, false advertising, and unfair competition under the Lanham Act and California law, based on Defendants' unauthorized use of K&N's distinctive deep salmon color trade dress in competing aftermarket automotive air

filters. Defendants, without authorization, are copying K&N's trade dress for their infringing products, using K&N's trade dress in their advertisements, and selling the product online as though it originates from K&N, thereby infringing K&N's intellectual property rights, creating consumer confusion, and unfairly competing through their unlawful conduct.

2. K&N brings this action to ensure that the public is not confused, deceived or misled into purchasing Defendants' copycat goods, while thinking that they originate with K&N, and to enjoin Defendants from further acts of infringement, false advertising, and unfair competition. K&N therefore seeks monetary damages and injunctive relief to protect its valuable intellectual property.

## PARTIES

3. Plaintiff K&N Engineering, Inc. is a corporation organized and existing under the laws of the State of California.

4. Upon information and belief, Defendant Evil Energy ("Evil Energy") is a business entity of a form presently unknown to Plaintiff that holds itself out as having a place of business in Diamond Bar, California.

5. Upon information and belief, Defendant Dark Horse Automotive Inc. ("Dark Horse") is a corporation organized and existing under the laws of California, and doing business in Diamond Bar, California.

6. Upon information and belief, Defendant Taizhou Yibai Auto Parts Co., Ltd. ("Taizhou Yibai") is a company organized and existing under the laws of the People's Republic of China.

7. K&N is informed and believes, and based thereon alleges, that each of the Defendants named herein as Does 1 through 10, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged below, and is liable to K&N for the damages and relief sought herein. The identities of the individuals and entities named as Doe defendants herein are not presently known, but K&N will seek to amend the Complaint to properly identify

them when their proper names have been ascertained. Evil Energy, Dark Horse, and Taizhou Yibai, and Does 1 through 10 are collectively referred to herein as "Defendants."

8. K&N is informed and believes, and based thereon alleges, that at all relevant times each of the Defendants were (unless alleged otherwise) acting as the agents, servants, employees, alter egos, or successors or predecessors in interest of one another, acting within the course and scope of such relationship.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because K&N asserts federal claims arising under the Lanham Act. This Court has supplemental jurisdiction over K&N's remaining claims, which form part of the same case or controversy as the federal question claims, pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants because, among other reasons, Defendant Evil Energy holds out that its principal place of business is in Los Angeles County, California, and Defendant Dark Horse has a principal place of business in Los Angeles County, California. Each Defendant has, directly or through related entities, manufactured, imported, advertised, offered for sale, and sold the infringing products in this District and throughout California, thereby purposefully availing themselves of the privilege of conducting business in the State of California.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendants Evil Energy and Dark Horse reside in this District, and under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in this District. Venue is further proper under 28 U.S.C. § 1391(b)(3) as to any Defendant not resident in the United States, which may be sued in any judicial district.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

### **K&N's Business and Salmon Filter Trade Dress**

12. For decades, K&N has designed, manufactured, marketed, and sold high-performance automotive air filters and intake products. K&N's products are well known among automotive enthusiasts, installers, and the trade, and K&N has developed substantial goodwill and a reputation for quality.

13. One of K&N's most valuable and recognized brand assets is the distinctive deep salmon color that K&N applies to its air filters (the "K&N Salmon Filter Trade Dress"). K&N has used the K&N Salmon Filter Trade Dress continuously and exclusively in connection with its air filters for decades. K&N is the only manufacturer that uses this color on such products, and K&N has consistently and vigorously policed against imitators. Attached hereto as **Exhibit 1** are representative samples showing K&N's use of the K&N Salmon Filter Trade Dress.

14. The air filters K&N offers under the K&N Salmon Filter Trade Dress are of high quality, and K&N stands behind them with long, mileage-based warranties. As a result of K&N's expenditures and efforts, the K&N Salmon Filter Trade Dress has come to signify the high quality of K&N's products and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to K&N.

15. K&N distributes and sells its air filters bearing the K&N Salmon Filter Trade Dress nationwide, including throughout California, through automotive parts retailers, specialty performance retailers, distributors, and online marketplaces, to automotive enthusiasts, vehicle owners, installers, and the general consuming public.

16. K&N owns United States Trademark Registration No. 5,398,416 for the color deep salmon as applied to air filters, issued by the United States Patent and Trademark Office on the Supplemental Register. Attached hereto as **Exhibit 2** is a

true and correct copy of the registration certificate. Although registration on the Supplemental Register does not afford the evidentiary presumptions of registration on the Principal Register, K&N is entitled to enforce the K&N Salmon Filter Trade Dress under Section 43(a) of the Lanham Act upon proof of its acquired distinctiveness.

17. The K&N Salmon Filter Trade Dress is nonfunctional. The deep salmon color is ornamental and serves no engineering, performance, or utilitarian purpose in the manufacture, operation, or use of an air filter. It is not essential to the use or purpose of the product, and does not affect the cost or quality of the product. K&N's exclusive use of this color does not put competitors at any non-reputation-related disadvantage. Competing manufacturers are free to, and do, offer air filters in numerous other colors.

18. As a result of K&N's widespread, continuous, and exclusive use of the deep salmon color for decades, together with K&N's substantial advertising and promotion and its vigilant enforcement, the K&N Salmon Filter Trade Dress has acquired distinctiveness and secondary meaning, and the deep salmon color has come to identify K&N as the exclusive source of the air filters bearing it among consumers and the trade.

## Defendants' Unlawful Conduct

19. At all relevant times, Defendants have been and are in the business of manufacturing, importing, advertising, offering for sale, and selling aftermarket automotive air filters and related performance products that compete directly with K&N's products, including through the website ievilenergy.com and third-party online marketplaces.

20. On information and belief, Defendants adopted and began using the same deep salmon color on competing aftermarket automotive air filters (the "Infringing Trade Dress") in United States commerce, including California, without K&N's authorization. Attached hereto as **Exhibit 3** are true and correct copies of

representative materials showing Defendants' use of the Infringing Trade Dress.

21. The Infringing Trade Dress used by Defendants is identical to, or confusingly similar to, the K&N Salmon Filter Trade Dress. Defendants apply the same deep salmon color to the same type of product, aftermarket automotive air filters, creating the same overall commercial impression as K&N's filters, which are sold through the same or overlapping trade channels and to the same or overlapping classes of consumers.

22. Defendants' use of the Infringing Trade Dress is likely to cause, and on information and belief has caused, consumer confusion, including post-sale confusion, as to the source or origin of Defendants' products and as to the sponsorship, affiliation, or approval of Defendants' products by K&N.

23. On information and belief, Defendants offer a 100,000-mile warranty on their air filter products, which echoes K&N's own practice of offering long, mileage-based warranties. That warranty, together with Defendants' adoption of the deep salmon color, indicates that Defendants are aware of K&N's branding and product positioning and deliberately designed their product line around K&N's.

24. On information and belief, Defendants have acted willfully, with the deliberate intent to trade on the goodwill of the K&N Salmon Filter Trade Dress, to cause consumer confusion, and to divert potential sales of K&N's products to themselves.

25. On information and belief, in addition to copying the K&N Salmon Filter Trade Dress, Defendants make false and misleading statements in their advertising. Defendants tout unsubstantiated objective performance benefits of their own products. For example, claiming that their products deliver "better MPG" without the substantiation that such an objective performance claim requires. Defendants' advertising also compares, references, targets, or disparages K&N and its products through false or misleading express statements and implied messages.

26. On information and belief, Defendants conceal their true identity,

ownership, and sourcing. Defendants' products are, on information and belief, manufactured by or sourced from Taizhou Yibai in China; and Defendants' website is registered through Alibaba Cloud Computing Ltd. d/b/a HiChina.

**FIRST CAUSE OF ACTION**

**(Trade Dress Infringement —15 U.S.C. § 1125(a))**

**(Against All Defendants)**

27. K&N repeats and incorporates herein by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

28. The K&N Salmon Filter Trade Dress is nonfunctional and has acquired distinctiveness and secondary meaning identifying K&N as the source of the air filters bearing the deep salmon color, and is therefore a valid and protectable trade dress under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Defendants' unauthorized use in commerce of the Infringing Trade Dress as alleged herein is likely to cause, and on information and belief has caused, confusion, mistake, or deception as to the source, origin, sponsorship, or affiliation of Defendants' goods, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by K&N, or that Defendants are in some way affiliated with K&N. Defendants' conduct therefore constitutes trade dress infringement in violation of 15 U.S.C. § 1125(a).

30. On information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of K&N's prior rights in the K&N Salmon Filter Trade Dress and with the willful intent to cause confusion and trade on K&N's goodwill.

31. By their acts as alleged herein, Defendants have infringed the K&N Salmon Filter Trade Dress in violation of 15 U.S.C. § 1125(a) and have otherwise used the goodwill of K&N to sell Defendants' own goods and have otherwise competed unfairly with K&N.

32. Defendants' wrongful acts and conduct as alleged herein have permitted

or will permit them to generate substantial sales and profits on the strength of K&N's substantial advertising, sales, consumer recognition, and goodwill in the K&N Salmon Filter Trade Dress.

33. As a result of Defendants' wrongful acts alleged herein, K&N has suffered and will continue to suffer monetary damage in an amount not thus far determined.

34. On information and belief, Defendants' acts of trade dress infringement in violation of the Lanham Act have caused financial injury and damages to K&N and have been willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117, thereby entitling K&N to damages, attorneys' fees, and costs.

35. Defendants' acts and conduct have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to K&N's goodwill and business reputation, for which K&N has no adequate remedy at law, entitling K&N to injunctive relief.

## SECOND CAUSE OF ACTION

**(False Designation of Origin — 15 U.S.C. § 1125(a))**

**(Against All Defendants)**

36. K&N repeats and incorporates herein by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

37. Defendants have used and are using the Infringing Trade Dress in connection with their goods with the deliberate intent of capitalizing and trading on the goodwill and reputation of K&N.

38. Defendants' use in commerce of the Infringing Trade Dress will tend to cause, and on information and belief has caused, the relevant public and trade to believe erroneously that Defendants' products are associated with, authorized, sponsored, or controlled by K&N. Defendants' unauthorized use of the Infringing Trade Dress will tend to cause and, on information and belief, has caused confusion among the consuming public regarding the origin or quality of Defendants' products.

39. Defendants' use in commerce of the Infringing Trade Dress in connection with their goods constitutes a false designation of the origin and/or sponsorship of such goods and falsely describes and represents such goods.

40. By their acts as alleged herein, Defendants have falsely designated and represented goods sold in commerce in violation of 15 U.S.C. § 1125(a) and have otherwise used the goodwill of K&N to sell Defendants' own goods and have otherwise competed unfairly with K&N.

41. Defendants' wrongful acts and conduct as alleged herein have permitted or will permit them to generate substantial sales and profits on the strength of K&N's substantial advertising, sales, consumer recognition, and goodwill in connection with the K&N Salmon Filter Trade Dress.

42. As a result of Defendants' wrongful acts alleged herein, K&N has suffered and will continue to suffer monetary damage in an amount not thus far determined.

43. On information and belief, Defendants' acts of false designation of origin in violation of the Lanham Act have caused financial injury and damages to K&N and have been willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117, thereby entitling K&N to damages, attorneys' fees, and costs.

44. Defendants' acts and conduct have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to K&N's goodwill and business reputation.

45. K&N is entitled to damages as a result of Defendants' actions and conduct and, because such damages alone do not provide K&N with an adequate remedy at law, K&N is entitled to injunctive relief.

**THIRD CAUSE OF ACTION**

**(False Advertising — 15 U.S.C. § 1125(a))**

**(Against All Defendants)**

46. K&N repeats and incorporates herein by reference each and every

allegation contained in the foregoing paragraphs, as though fully set forth herein.

47. On information and belief, in connection with goods distributed in interstate commerce, Defendants have made and are continuing to make false, deceptive, and misleading statements of fact in commercial advertising and promotion, including unsubstantiated objective performance claims such as "better MPG" and comparative claims that reference, target, or disparage K&N, in violation of 15 U.S.C. § 1125(a).

48. On information and belief, Defendants' statements actually deceive, or have the tendency to deceive, a substantial segment of the relevant consuming public, and the deception is material in that it is likely to influence purchasing decisions.

49. To the extent Defendants' comparative advertising is literally false, injury to K&N as the referenced competitor may be presumed. In all events, as a result of Defendants' conduct, Defendants have been unjustly enriched and K&N has been greatly and irreparably injured and damaged by the diversion of business from K&N to Defendants and the loss of K&N's goodwill.

50. On information and belief, Defendants' acts of false advertising in violation of the Lanham Act have been willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117, thereby entitling K&N to damages, attorneys' fees, and costs.

51. K&N is entitled to damages as a result of Defendants' actions and conduct and, because such damages alone do not provide K&N with an adequate remedy at law, K&N is entitled to injunctive relief.

## **FOURTH CAUSE OF ACTION**

**(Unfair Competition — California Business and Professions Code § 17200)**

**(Against All Defendants)**

52. K&N repeats and incorporates herein by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

53. Defendants' actions and conduct as alleged herein constitute unfair competition in violation of California Business and Professions Code §§ 17200, *et seq*.

54. Because Defendants' acts of unfair competition will continue to cause injury and damage to K&N unless restrained by the Court, K&N is without an adequate remedy at law. Accordingly, K&N is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts constituting unfair competition as prohibited by California Business and Professions Code §§ 17200, *et seq*.

**FIFTH CAUSE OF ACTION**

**(Common Law Trade Dress Infringement and Unfair Competition)**

**(Against All Defendants)**

55. K&N repeats and incorporates herein by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

56. Defendants actions and conduct as alleged herein, including use of the Infringing Trade Dress in California to advertise and sell their own competing air filters, passing off their goods as those of, or as associated with, K&N, and otherwise exploiting the K&N Salmon Filter Trade Dress and K&N's reputation, constitute false designation of origin and trade dress infringement in violation of the common law.

57. Defendants' conduct has caused and, unless restrained and enjoined by this Court, will continue to cause a likelihood of confusion, mistake, and deception as to the source, sponsorship, affiliation, or connection of Defendants' goods with K&N's goods in the minds of the public, causing irreparable harm, damage, and injury to K&N, including but not limited to injury to K&N's goodwill and business reputation.

58. By reason of the foregoing, K&N has been injured in an amount not yet fully determined. In addition, as a result of Defendants' acts of trade dress

infringement, K&N has suffered and will continue to suffer irreparable harm. K&N has no adequate remedy at law, and K&N is being irreparably damaged by Defendants' acts in violation of California common law, entitling K&N to injunctive relief.

59. Defendants' actions and conduct as alleged herein are malicious and fraudulent and entitle K&N to punitive damages under California Civil Code § 3294.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff K&N Engineering, Inc. prays for an order and judgment against Defendants, and each of them, as follows:

1. That Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, successors, affiliates, subsidiaries, and assigns, and all persons acting for, with, by, through, or under them, and any others within their control or supervision, and all those in active concert or participation with them, be enjoined during the pendency of this action and permanently thereafter from using the K&N Salmon Filter Trade Dress or any color confusingly similar thereto, and from otherwise infringing the K&N Salmon Filter Trade Dress in the marketing, sales, distribution, promotion, advertising, identification, or in any other manner in connection with any air filter or other product;

2. That Defendants and each of them, and their officers, directors, agents, servants, employees, attorneys, successors, affiliates, subsidiaries, and assigns, and all persons acting for, with, by, through, or under them, and any others within their control or supervision, and all those in active concert or participation with them, be enjoined, during the pendency of this action and permanently thereafter, from using the K&N Salmon Filter Trade Dress or any color confusingly similar thereto in any form or manner that would tend to identify or associate Defendants' products with K&N's;

3. That Defendants and each of them, and their officers, directors, agents,

servants, employees, attorneys, successors, affiliates, subsidiaries, and assigns, and all persons acting for, with, by, through, or under them, and any others within their control or supervision, and all those in active concert or participation with them, be enjoined, during the pendency of this action and permanently thereafter, from making any unsubstantiated objective performance claim regarding their products and from making any comparative or other advertising that falsely or misleadingly references, targets, or disparages K&N or its products;

4. For an order requiring Defendants to deliver to K&N's attorney within thirty (30) days after the entry of any preliminary or permanent injunction, to be impounded or destroyed by K&N, all air filters bearing the deep salmon color of the K&N Salmon Filter Trade Dress or any color confusingly similar thereto, and any packaging, labels, advertising, and other materials made in connection with the air filters bearing the deep salmon color of the K&N Salmon Filter Trade Dress or any color confusingly similar thereto in their possession, custody, or control;

5. For an order requiring Defendants to file with the Clerk of this Court and serve upon K&N, within thirty (30) days after the entry of any preliminary or permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

6. For an award of Defendants' profits and K&N's damages in an amount not yet ascertained;

7. For an award of three times K&N's damages or Defendants' profits in view of the intentional and willful nature of Defendants' acts, pursuant to 15 U.S.C. § 1117;

8. For an award of punitive damages according to proof;

9. For an award of reasonable attorneys' fees under 15 U.S.C. § 1117;

10. For an award of pre-judgment and post-judgment interest at the highest rate allowed by law;

11. For an award of costs and disbursements incurred in this action; and

12. For such other and further relief as this Court deems just and proper.

Dated: October 13, 2026

RUTAN & TUCKER, LLP
HANI Z. SAYED
KAITLYNNE N. MCKEE

By: ______________________
Kaitlynne N. McKee
Attorneys for Plaintiff
K&N ENGINEERING, INC.

**JURY TRIAL DEMAND**

Plaintiff K&N Engineering, Inc. hereby demands trial by jury.

Dated: October 13, 2026

RUTAN & TUCKER, LLP
HANI Z. SAYED
KAITLYNNE N. MCKEE

By: Kaitlynne McKee

Kaitlynne N. McKee
Attorneys for Plaintiff
K&N ENGINEERING, INC.